Wesley T. Umeda, SBN 107488
Birnbaum and Umeda, LLP
1733 Woodside Road, Suite 210
Redwood City, CA 94061
Telephone: (650) 261-6062
Facsimile: (650) 261-6064

Attorney for: Plaintiff

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FLETCHER H. HYLER ) | No. C 07 5046 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant ) | |

## COMPLAINT

The taxpayer, Fletcher H. Hyler, files suit against the United States of America to recover the payment of the trust fund recovery penalties and payroll taxes for the periods March 1996, June 1996, September 1996, December 1996 and March 1997.

1. Plaintiff, Fletcher H. Hyler resides at 5070 Alpine Road, Portola Valley, California 95062, telephone number (650) 851-8629.

2. Defendant, United States of America, its business is located at the 10th Floor, Federal Building, 450 Golden Gate Avenue, Box 36055, San Francisco, California 94102, telephone number (415) 436-7200.

Complaint

3. On or about February 27, 2004 Plaintiff paid the existing income and employment taxes and trust fund recovery penalties.

4. Plaintiff filed his claim for refund of employment taxes and the trust fund recovery penalties which was denied on June 7, 2005.

5. Plaintiff filed suit in the United States Tax Court on June 6, 2007, Docket No. 12920-07.

6. The United States Tax Court does not have the power to transfer the case to the United States District Court. In the Government's Motion to Dismiss for Lack of Jurisdiction it states in part in paragraph 13 "petitioner intends to pursue his claim in the U. S. District Court for the Northern District of California."

7. Plaintiff cannot file the same suit in both the United States Tax Court and United States District Court during the same time and thus waited until the suit was dismissed in the United States Tax Court to file the current suit in the District Court.

8. The suit in Tax Court was dismissed for lack of jurisdiction on August 8, 2007.

9. Plaintiff was not the responsible person because, in part, during the period of employment tax non-payment, Connie Stone, the corporate controller, had sole responsibility of filing the quarterly payroll tax returns and paying the tax liability.

10. Prior to 1996 when Plaintiff was responsible for the quarterly payroll taxes and subsequent to March 1997, when Plaintiff was responsible for filing of the quarterly payroll taxes, the quarterly payroll taxes were timely filed and paid.

11. Plaintiff was not willful in not paying the 1996 and March 1997 employment taxes.

12. Plaintiff was told by Connie Stone, the corporate controller, the 1996 and March 1997 employment taxes were paid.

Complaint

13. Logical Marketing, Inc's 1997 financial statements prepared by Connie Stone, the corporate controller, do not show an accrued 1996 tax liability

14. During the time that Stone was responsible for the payroll taxes she had sole correspondence with banks and the IRS, and there were no reports showing any unpaid employment taxes

15. On or about January 2005 Plaintiff became aware the 1996 and March 1997 employment taxes had not been paid.

16. Prayer for relief:

    a. Refund of 1996 and March 1997 employment taxes, trust fund recovery penalties, interest and any other penalties paid.

    b. Any other relief deemed appropriate by the court.

I hereby certify under penalty of perjury that the above petition is true to the best of my information, knowledge, and belief.

Signed this 1st day of October, 2007.

*[signature]*

Fletcher H. Hyler

Complaint