SCOTT SCHOOLS (SCBN 9990)
United States Attorney
THOMAS MOORE (ASBN 4305-O78T)
Assistant United States Attorney
Chief, Tax Division
CYNTHIA STIER (DCBN 423256)
Assistant United States Attorney
  9th Floor, Federal Building
  450 Golden Gate Avenue, Box 36055
  San Francisco, California  94102
  Telephone:   (415) 436-7000
  Fax:            (415) 436-6748

Attorneys for the U.S.

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| FLETCHER H. HYLER, | Case No.  C-07-5046-CRB |
| Plaintiff, | UNITED STATES' MOTION TO DISMISS AND MEMORANDUM OF POINTS AND AUTHORITIES AND NOTICE |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | Date:  Friday, January 25, 2008<br>Time: 10:00 a.m.<br>Place: Courtroom 8, 19th Floor |

## MOTION TO DISMISS AND NOTICE OF MOTION TO DISMISS

**PLEASE TAKE NOTICE** that on January 25, 2008, at 10:00 a.m., in Courtroom 8, 19th Floor, 450 Golden Gate Avenue, San Francisco, California, the United States of America will and hereby does move pursuant to Fed.R.Civ.P. 12(b)(1) to dismiss this action. This motion is based on this notice, the ensuing memorandum of points and authorities, the pleadings on file in this action, and such other arguments or evidence as may be presented to the Court at the hearing.

## PROCEDURAL HISTORY

On October 1, 2007, Plaintiff commenced this action by filing a Complaint against the United States of America seeking a refund of the taxes he paid to satisfy the Trust Fund Recovery Penalty ("TFRP") assessed against him.  The United States files this

Motion to Dismiss pursuant to Rule 12(b)(1) of the Fed.R.Civ.P. on the grounds that this Court lacks jurisdiction for the reason that Plaintiff did not timely file this action within the two year limitations period prescribed by Section 6532(a) of the Internal Revenue Code (26 U.S.C.).

### STATEMENT OF FACTS

The Internal Revenue Service ("IRS") assessed a TFRP against the Plaintiff with respect to the unpaid payroll taxes of Logical Marketing, Inc. for the tax periods, and in the amounts set forth below. Plaintiff paid those tax liabilities on the dates and in the amounts set forth below.

| TAX PERIOD ENDING | ASSESSMENT DATE | AMOUNT OF ASSESSMENT | INTEREST & FEES | PAYMENT DATE | PAYMENT AMOUNT |
|---|---|---|---|---|---|
| 3/31/96 | 3/27/2002 | $43,616.05 | $3,973.39 | 9/17/2002<br>10/15/2002<br>3/4/2004 | $3,409.07<br>$8,000.00<br>$36,180.37 |
| 6/30/96 | 3/27/2002 | $60,983.67 | $6,435.93 | 3/4/2004 | $67,419.60 |
| 9/30/96 | 3/27/2002 | $52,484.53 | $5,538.98 | 3/4/2004 | $58,023.51 |
| 12/31/96 | 3/27/2002 | $73,463.76 | $7,753.02 | 3/4/2004 | $81,216.78 |
| 3/31/97 | 3/27/2002 | $61,023.07 | 6,505.26 | 3/4/2004 | $67,528.33 |

See Certificates of Assessments and Payments, Exhibits 1 through 5, attached to Declaration of Cynthia Stier.

On October 20, 2004, Plaintiff, in his individual capacity, filed for protection under Chapter 11 of the Bankruptcy Code. In re: **Fletcher H. Hyler**, Case No. 04-32952. The case was converted to a Chapter 7 case on June 14, 2007. The bankruptcy case is currently pending. See Bankruptcy Docket Sheet, Exhibit 6 to Stier Declaration.

Plaintiff filed a Claim for Refund with respect to the five periods for which the TFRP was assessed. See Claims for Refund, Exhibits. By letters dated June 7, 2005, sent by certified mail, the IRS notified Plaintiff that his claims had been denied. See Disallowance Letters, Exhibits 13, 14, 15, 16 and 17 to Stier Declaration. Exhibits 7, 8, 9 and 10 to Stier Declaration.

On June 6, 2007, Plaintiff, through counsel, petitioned the United States Tax Court for a redetermination of tax deficiency with respect to the TFRP. On August 8, 2007, the Tax Court

**US Motion to Dismiss,**
**Case No. C-07-5046-CRB**                2

dismissed the petition on the grounds that the Tax Court lacked jurisdiction because the IRS had not issued Plaintiff a statutory notice of deficiency or other determination that would form the basis for jurisdiction.  See Order of Dismissal for Lack of Jurisdiction, Exhibit 11 to Stier Declaration.

On October 1, 2007, Plaintiff commenced this action seeking a refund of the payments made on March 4, 2004 with respect to the TFRP, plus interest from the date of payment.  In his prayer for relief, plaintiff also seeks a refund of "employment taxes," however; this appears to be an inaccurate statement of his claim since a reading of his complaint clearly seeks a refund of the TFRP payments, plus interest.

## DISCUSSION

### The Court Lacks Jurisdiction

The United States as sovereign may not be sued without its consent, and the terms of its consent define the Court's jurisdiction.  **F.D.I.C. v. Meyer**, 510 U.S. 471, 475 (1994); **United States v. Dalm**, 494 U.S. 596, 608 (1990).  Waivers of sovereign immunity "cannot be implied but must be unequivocally expressed," and such waivers must be strictly construed in favor of the United States.  **Lehman v. Nakshian**, 453 U.S. 156, 160-61 (1981); **United States v. King**, 395 U.S. 1, 34 (1969).  The party invoking the court's jurisdiction bears the burden of proving its existence, and must point to a statute by which the United States has expressly waived its immunity from suit.  **Nakshian**; 452 at 160-61; **Murphy v. United States**, 45 F.3d 520, 522, (1st Cir. 1995).  Where the United States has not consented to suit, the court lacks jurisdiction over the subject matter of the action and dismissal is required.  **United States v. Mitchell**, 445 U.S. 535, 536 (1980); **Elias v. Connett**, 908 F.2d 521, 527 (9th Cir. 1990); **Gilbert v. DaGrossa**, 756 F.2d 1455, 1458 (9th Cir. 1985).

### No Jurisdiction Pursuant to 26 U.S.C. §7422 and 6532(a)

A taxpayer may file a suit for refund in a district court pursuant to the waiver of immunity set forth in 26 U.S.C. §7422.  A court has jurisdiction over the refund action if the following requirements have been met: (1) Plaintiff has paid the tax in full; (2) Plaintiff filed a timely claim for refund; (3) the IRS issued a denial of the claim or failed to act on the claim within a six

month period; and (4) Plaintiff commenced the action within the limitations period.  Plaintiff satisfied the first three requirements but has failed to meet the fourth.

### Payment of Tax

If a taxpayer elects to file suit in federal district court, he or she must first pay the full amount of the tax assessed, including any deficiency assessed.[1]  **Flora v. United States**, 363 U.S. 145 (1960).  Plaintiff fully paid the assessments on March 4, 2004.

### Timely Claim for Refund

Under Section 6511(a) of the Internal Revenue Code (26 U.S.C.), a claim for refund must be filed within two years from the time the tax was paid.  Plaintiff filed a claim for refund before paying the taxes on March 4, 2004.   Accordingly, the claim was timely filed.

### IRS Issuance of Denial of Claim for Refund

A refund action can be filed no earlier than the earliest of six months after filing a claim for refund with the IRS or the issuance of a notice of denial of the claim for refund by certified or registered mail.   26 U.S.C. 6532(a)(1).  On June 7, 2005, the IRS sent Plaintiff, by certified mail, separate notices for each tax period/refund claim denying the claim for refund.  Accordingly, Plaintiff has satisfied this jurisdictional hurdle for bringing a refund action.

### Limitations Period to File Refund Action

The law requires that the taxpayer file a refund action within two years of the mailing by the Secretary to the taxpayer of a notice denying the claim for refund.  26 U.S.C. §6532(a).

> No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision thereon with that time, nor after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates.

The notices of denial of the refund claims were sent to the taxpayer by certified mailed on June 7, 2005.  Plaintiff filed this action on October 1, 2007, well after the two year period for

---

[1]    The full payment rule does not apply to suits for refund of divisible taxes, including the  TFRP at issue in this case.  However, Plaintiff's claim for refund was not acted upon by the IRS until full payment had been made.

**US Motion to Dismiss,**
**Case No.  C-07-5046-CRB**                4

1  filing suit had expired.

2  In his complaint, Plaintiff alludes to an equitable tolling defense.  Plaintiff alleges that he
3  filed his petition in the Tax Court on June 6, 2007 and was therefor unable to file suit in district
4  court while his petition in the Tax Court was pending.  Complaint, paragraphs 5, 6 and 7.
5  Coupled together, these allegations allude to a request that this Court apply its equitable power to
6  toll the limitations period for filing this refund suit because this refund action would be timely
7  had plaintiff filed his Complaint in the district court on June 6, 2007 rather than filing a petition
8  in the Tax Court.

9  The Supreme Court has held that an equitable tolling exception could not be read into the
10 limitations period for Section 6511(a) of the Internal Revenue Code (26 U.S.C.).  **United States**
11 **v. Brockamp**, 519 U.S. 347 (1997).  Section 6511 provides the limitation period for filing a
12 claim for refund with the IRS.  The Court reasoned that because the statute contained technical
13 language and reiterated the limitations period several times, an implicit exception was not
14 intended.  Id at 349.  "Section 6511's detail, in its technical language, the iterations of the
15 limitations in both procedural and substantive forms, and the explicit listing of exceptions, taken
16 together, indicate to us that Congress did not intend courts to read other unmentioned, open-
17 ended, 'equitable' exceptions into the statute that it wrote ... Tax law, afer all, is not normally
18 characterized by case-specific exceptions reflecting individualized equities." Id at 352.  This
19 rationale has been applied to the limitations period found at Section 6532 of the Internal Revenue
20 Code (26 U.S.C.) as well.  **Thomasson v. United States**, Not reported in F.Supp., 1997 WL
21 220321 (N.D. Calif 1997). Similar to Section 6511, Section 6532 also provides specific terms for
22 calculating the period of limitations and administrative inefficiencies would also be created if
23 each individual were able to extend the statute of limitations for equitable reasons, Id.  Other
24 courts have also found that the statute of limitations period found at 26 U.S.C. §6532(a) is a firm
25 date that cannot be tolled.  See also **Gallion v. United States**, 389 F.2d 522, 523-25 (5th cir.
26 1968); **Rosser v. United States**, 9 F.3d 1519 (11th cir. 1993): **First Alabama Bank v. United**
27 **States**, 981 F.2d 1226 (11th Cir. 1993).
28 ///

**US Motion to Dismiss,**
**Case No.  C-07-5046-CRB**                5

**Standing**

Upon the filing of a Bankruptcy Petition, the Trustee of the estate is vested with title to property of the bankruptcy, including rights of action. 11 U.S.C. §110(a)(5). The Supreme court has ruled that the bankruptcy estate succeeds to any claim or right of action that the debtor may have had against the government for a refund of taxes. **Segal v. Rochelle**, 382 U.S. 375 (1966)

The Plaintiff has an interest in a claim for refund in taxes when the taxes assessed are paid in full. 26 U.S.C. §6511. Plaintiff paid the taxes assessed against him in full on March 4, 2004, hence his interest in the claim for refund arose on March 4, 2004. Plaintiff filed for protection under the bankruptcy laws on October 20, 2004. Accordingly, Plaintiff interest in the refund claim arose prior to the creation of the bankruptcy estate. Therefore, the claim for refund is property of the bankruptcy estate and it is the bankruptcy trustee who is the proper party to any refund action involving the claim.

Once the bankruptcy estate is created, the trustee is the representative of the estate and has the capacity to sue on behalf of the estate. 11 U.S.C. §323. Once a trustee has been appointed, the debtor has no further authority or standing to prosecute litigation unless the trustee has abandoned the property as property of the estate. **Turner v. Cook**, 362 F.3d 1219 (9th Cir. 2004). This is true even if the debtor had been permitted to pursue the claim in the first instance. Id. However, it is not necessary for the Court to address this issue in light of the resolution of this case pursuant to 26 U.S.C. §§ 7422 and 6532(a).

**CONCLUSION**

For the reasons set forth above, the United States respectfully requests that the Court dismiss this action pursuant to Rules 12(b)(1) of the Fed.R.Civ.P.

Respectfully submitted,

SCOTT SCHOOLS
United States Attorney

Dated: November 30, 2007          By:    /s/ Cynthia Stier
                                         CYNTHIA STIER
                                         Assistant U.S. Attorney

                                         Attorneys for the US

**US Motion to Dismiss,
Case No. C-07-5046-CRB**          6

CERTIFICATE OF SERVICE

I, KATHY TAT declare:

That I am a citizen of the United States of America and employed in San Francisco County, California; that my business address is Office of United States Attorney, 450 Golden Gate Avenue, Box 36055, San Francisco, California 94102; that I am over the age of eighteen years, and am not a party to the above-entitled action.

I am employed by the United States Attorney for the Northern District of California and discretion to be competent to serve papers. The undersigned further certifies that I caused a copy of the following:

UNITED STATES' MOTION TO DISMISS AND MEMORANDUM OF POINTS AND AUTHORITIES AND NOTICE and DECLARATION OF CYNTHIA STIER IN SUPPORT OF UNITED STATES' MOTION TO DISMISS

to be served this date upon the party(ies) in this action by placing a true copy thereof in a sealed envelope, and served as follows:

_X___   FIRST CLASS MAIL by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice.

____   PERSONAL SERVICE (BY MESSENGER/HAND DELIVERED)

____   FACSIMILE (FAX) No.:

to the parties addressed as follows:

Wesley T. Umeda
Birnbaum and Umeda, LLP
1733 Woodside Road, Ste. 210
Redwood City, CA 94061

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on November 30, 2007 at San Francisco, California.

/s/ Kathy Tat
KATHY TAT
Legal Assistant
Tax Division