

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLETCHER H. HYLER, | No. C 07-05046 CRB |
|     Plaintiff, | **ORDER GRANTING MOTION TO DISMISS** |
| v. | |
| UNITED STATES OF AMERICA, | |
|     Defendant. / | |

      Now pending before the Court is a motion to dismiss filed by Defendant United States of America pursuant to Federal Rule of Civil Procedure 12(b)(1). Defendant requests that the Court dismiss Plaintiff Hyler's suit to recover payment of past taxes and penalties on the ground that this Court lacks jurisdiction under 26 U.S.C. § 6532. Defendant argues that Hyler filed this suit after the two-year period for such filing had expired. Circuit law leads this Court to find that although the limitations period set forth in § 6532 can be equitably tolled, this case does not merit such a remedy. Accordingly, the motion to dismiss is GRANTED and the hearing scheduled for Friday, January 25, 2008, is VACATED.

**BACKGROUND**

      Hyler filed his complaint on October 1, 2007, suing for refund of tax and penalty payments made pursuant to a Trust Fund Recovery Penalty assessed against him. Compl. ¶1. According to the complaint, Hyler paid the existing taxes and penalties, totaling over $300,000, on or about February 27, 2004. Stier Declaration at exhibits 1-5; Compl. ¶3.

1  Hyler subsequently filed for bankruptcy in October of 2004. Stier at ex. 6. He then filed for
2  a refund of the taxes and penalties; the IRS later denied this request in certified letters sent to
3  Hyler, dated June 7, 2005. Compl. ¶4. These letters included instructions that if Hyler
4  wished to contest the denial of his claim, he should file suit in Federal District Court within
5  two years of the date of the letters. Stier at exs. 8-11. On June 6, 2007, Hyler filed suit in the
6  United States Tax Court, which later dismissed his suit for lack of jurisdiction. Compl. ¶¶ 5,
7  8.
8      Hyler's complaint includes two prayers for relief. Id. ¶16. The only prayer for relief
9  squarely before the Court is a request for a refund of the taxes and penalties at issue.
10 Defendant has moved for dismissal of the complaint on the ground that § 6532(a) requires a
11 taxpayer to file such a suit within two years of the mailing of a claim denial notice. United
12 States Motion at 4-5. Hyler asserts that he filed an action in Tax Court prior to the expiration
13 of the limitations period under § 6532(a) and thus his filing in this Court should also be
14 considered timely. Id. ¶¶ 6-8. This appears to be an implicit request for equitable tolling of
15 the statute of limitations in § 6532(a).

16 **DISCUSSION**

17     Defendant argues that although Hyler paid the assessed taxes and penalties, filed a
18 timely refund claim, and received a certified denial of said claim, this Court lacks jurisdiction
19 to hear the case because Hyler filed suit after the expiration of the period of limitations set
20 forth in § 6532(a) of the Internal Revenue Code. United States Motion at 4-5. Defendant
21 additionally argues that Hyler lacks standing to file this suit because his interest in a claim for
22 a refund became property of the bankruptcy estate once he filed for protection under the
23 bankruptcy laws. The Court does not reach this latter argument as the time limitation in
24 § 6532(a) bars the Court's jurisdiction.

25     A. Limitations on Filing Suit Under § 6532(a)

26     Hyler filed this suit more than two years after the government sent him letters
27 rejecting his refund claim. Section 6532(a) states that any suit for "the recovery of any
28 internal revenue tax, penalty, or other sum . . . [must be filed within] 2 years from the date of

mailing . . . a notice of the disallowance of the part of the claim to which the suit or proceeding relates." Hyler's complaint suggests that this limitation should be waived, presumably through equitable tolling.[1] Equitable tolling can be "read into every federal statute of limitation." Holmberg v. Armbrecht, 327 U.S. 392, 397 (1947); see Fed. Election Comm'n v. Williams, 104 F.3d 237, 240 (9th Cir. 1996). The doctrine is further presumed to apply in suits against the United States. See Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 95-96 (1990). One important exception to this presumption is when a statute uses especially detailed, technical language, which indicates that Congress did not intend for courts to read equitable exceptions into the statute of limitations. See United States v. Brockamp, 519 U.S. 347, 350-52 (1997).

Defendant argues that the Brockamp exception precludes the application of equitable tolling to § 6532. United States Motion at 5. The Court disagrees with this position. The statute at issue in Brockamp – 26 U.S.C. § 6511 – is far more technical in detail than § 6532. Moreover, § 6511 contains multiple iterations of the limitation on filing and gives a list of explicit exceptions to the limitation. In contrast, § 6532(a) merely sets forth the limitations period and provides one exception, § 6532(b). Most importantly, circuit law holds that equitable tolling applies to suits constrained by the limitations of § 6532. Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1207 (9th Cir. 1995) ("[E]quitable tolling may be applied to extend the period for bringing a wrongful levy claim against the government . . . ."); see also Mallard Auto. Group, Ltd. v. United States, 343 F. Supp. 2d 949, 954 (D. Nev. 2004) ("[W]hile Brockamp may have changed the general principles of equitable tolling as defined by Irwin, this court cannot say that Brockamp has eroded the validity of [the] Supermail decision."). Though the court in Supermail was concerned specifically with § 6532(c) – regarding suits brought by "persons other than taxpayers" – its holding is no less applicable to § 6532(a). Both subsections deal with a relatively straightforward statute of limitations

---

[1] Though the plaintiff's complaint does not expressly suggest equitable tolling and, in fact, denies requesting any equitable remedy, this is the most logical reading of the original complaint. See Hyler Response to Motion to Dismiss, at 3.

3

1  and both allow for only a narrow exception to the filing date.  Thus, following <u>Supermail</u>,
2  equitable tolling can be applied to the limitations set forth in § 6532(a).

3      <u>B. Application of Equitable Tolling</u>

4      Hyler's complaint suggests that his filing of a suit in Federal Tax Court, within the
5  period permitted under § 6532, serves to permit this Court to hear his case.  To invoke
6  equitable tolling, the plaintiff must, at minimum, have pursued the claim with due diligence.
7  <u>See</u> <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005) ("[A] litigant seeking equitable tolling
8  bears the burden of establishing two elements: (1) that he has been pursuing his rights
9  diligently, and (2) that some extraordinary circumstance stood in his way."); <u>Williams</u>, 104
10 F.3d at 240 ("To establish that equitable tolling applies, a plaintiff must prove . . . [among
11 other things] due diligence . . . [in] discovery of [operative] facts.").  Here, Hyler neither
12 faced "extraordinary circumstances" nor proceeded with due diligence when he chose to file
13 his case in Tax Court the day before the statute of limitations in § 6532(a) expired.  Indeed,
14 the letter Hyler received from the IRS in 2005 denying his refund claim clearly instructed
15 him to "fil[e his] suit with the United States District Court having jurisdiction" and went on
16 to explain the time limitations such a suit would face under § 6532(a).  Stier at exs. 8-11.  In
17 sum, though equitable tolling is available under § 6532(a), the plaintiff has failed to meet the
18 standard for granting such a remedy.  The Court will therefore GRANT the defendant's
19 motion to dismiss with prejudice.

20     **IT IS SO ORDERED.**

22 Dated: January 22, 2008        CHARLES R. BREYER
23         UNITED STATES DISTRICT JUDGE